**Ronald E. TRUMBULL, Plaintiff,**

v.

**HEALTH CARE AND RETIREMENT CORPORATION OF AMERICA, Defendant.**

**No. 89–984–CIV–T–17(A).**

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 6, 1991.

Stanley E. Marable, Sarasota, Fla., for plaintiff.

Charles G. Burr, Thomas F. Hennessy, Zinober & Burr, Tampa, Fla., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"), joined with a pendent state claim under the Florida Human Rights Act of 1977, *Fla.Stat.* § 760.01 *et seq.* ("FHRA"), charging defendant with discrimination in employment on the basis of age.

Defendant asserts that Plaintiff's action under both the ADEA and the FHRA is time-barred. Additionally, Defendant contends that Plaintiff has failed to state a prima facie case of age discrimination under the ADEA and the FHRA.

Assuming *arguendo* that Plaintiff has stated a prima facie case of age discrimination, Defendant asserts that Plaintiff has failed to show that there is a genuine issue of material fact concerning the possible pretextual nature of the Defendant's articulated non-discriminatory reason for Plaintiff's discharge. Lastly, assuming *arguendo* that Plaintiff can show that there is a genuine issue of material fact about whether the Defendant's stated non-discriminatory justification for discharge is pretextual, Defendant claims that Plaintiff would nevertheless have been discharged due to his possession and consumption of alcohol on company premises. Based on these contentions, defendant has moved for summary judgment.

## FINDINGS OF FACT

The parties have stipulated to various facts in this case and those stipulated facts are set forth below. Where a party asserts a fact, but it is not stipulated, the Court notes the purported fact and the party making the assertion.

Plaintiff, Ronald Trumbull, worked in the nursing home administration field for approximately twenty-five years. In 1981, Trumbull began working for a nursing home company that later became known as Care Corporation. His job was to serve as Administrator for Rosedale Manor. After several months, Plaintiff was transferred by the company to Kensington Manor Nursing Home where he also served as Administrator. In September of 1986, Health Care and Retirement Corporation of America ("HCR") purchased Kensington Manor and five other nursing homes located in Florida from Care Corporation. Upon consummation of the sale, Trumbull became an HCR employee.

Defendant asserts that Plaintiff's first real contact with HCR and its management occurred on October 8, 1986, at a dinner party held for the purpose of introducing former Care Corporation administrators to senior management of HCR. Defendant alleges that at this function Plaintiff consumed several alcoholic beverages and became intoxicated.

The following day, October 9, 1986, Michael Dray, the Regional Director of Operations for HCR, and Eldon Tarver, Vice President of Operations for HCR's Eastern division conducted an inspection of Kensington Manor, the nursing home where Plaintiff served as Administrator. Defendant claims both men found the facility to be in disrepair and thought Plaintiff was suffering from a hangover.

On October 10, Tarver sent Plaintiff a memorandum in which he described his observations concerning the condition of Kensington Manor. Also contained in the memo was the statement, "I found that your facility did not measure up to my personal standards or those of HCR."

After the inspection by Dray and Tarver, Dray allegedly maintained close contact with Plaintiff by telephone. Defendant asserts that during these conversations Plaintiff was rarely able to provide information quickly concerning the number of patients, residents, and/or employees at Kensington Manor.

In January, 1987, the State of Florida's Department of Health and Rehabilitative Services ("HRS") conducted its regular annual inspection of Kensington Manor and cited it for deficiencies in operating procedures and patient care. Based on the findings of HRS, Kensington Manor's license rating was lowered from superior to regular.

On February 24, 1987, Dray issued a memorandum recounting the general observations made on the October 9, 1986 inspection. He also referred to a follow up visit that was made on November 4, 1986, where the same problems of disrepair and cleanliness were allegedly noted. Apparently a written memorandum was not executed after the November 4th visit. Lastly, Dray's memo addressed the HRS inspection and the citations which led to a downgrade of Kensington Manor's rating. Dray concluded, "Your continued employment with HCR will be based upon the findings during operation visits."

Defendant claims that sometime in mid-May of 1987 Tarver and Dray decided that Plaintiff had not corrected the problems noted in the February memorandum. Plaintiff was fired June 29, 1987. Plaintiff, at 55 years old, was the oldest nursing home administrator at any Florida based nursing home operated by HCR at the time of his termination. Plaintiff was replaced by a man who was 50 years old.

Following Plaintiff's discharge, Dray and HCR received information concerning Plaintiff's procurement and consumption of alcoholic beverages on the job. Plaintiff subsequently filed a charge of discrimination on the basis of age with the EEOC and the Florida Commission on Human Relations ("FCHR") on December 12, 1987. The present action was instituted on June 27, 1989, in which Plaintiff alleges that the rationale for his termination was based on

age animus and the Defendant's stated reasons for discharge are pretextual.

## SUMMARY JUDGMENT STANDARD

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railway Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id., 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at p. 324, 106 S.Ct. at p. 2553, 91 L.Ed.2d at p. 274.

## DISCUSSION

■ The first issue this Court will address is whether Plaintiff's claim is time-barred under both the ADEA and the FHRA. For the purposes of this discussion, these two issues will be considered together because the substantive aspects of the claims are identical.

The ADEA utilizes a two year statute of limitations for nonwillful violations by incorporating the Portal-to-Portal Act, 29 U.S.C. § 255(a). *Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1528 (11th Cir.); cert. denied, 464 U.S. 982, 104 S.Ct. 425, 78 L.Ed.2d 360 (1983).

■ To bring a private civil action under the FHRA, a plaintiff must file a charge of discrimination with the Florida Commission on Human Relations. *Fla.Stat.* § 760.10(12). This charge must be filed within 180 days following the alleged unlawful employment practice. *Fla.Stat.* § 760.10(10). The issue of when the limitations period begins to run under both the ADEA and FHRA is governed by basic principles enunciated by the Supreme Court in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). In that case, the court quoted the Ninth Circuit and held that "the proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the acts became most painful." *Ricks*, 449 U.S. at 258, 101 S.Ct. at 504 (emphasis in original).

Defendant argues that the February 24, 1987, memorandum written by Dray put Plaintiff on notice that his employment would be adversely affected by actions that he believes to be discriminatory. The memo stated that Plaintiff's "continued employment with HCR will be based upon findings during operation visits." This Court does not find Defendant's argument persuasive for several reasons.

■ To determine when notice has been conveyed to an employee an objective standard should be used which focuses on when the employee knew, or reasonably should have known, that an adverse decision concerning his employment had been made. *McWilliams v. Escambia School Bd.*, 658 F.2d 326, 328 n. 1 (5th Cir. Unit B Oct. 1981). In *Ricks*, the Supreme Court found that the inquiry centers around when the defendant "established its official position—and made that position apparent." 449 U.S. at 262, 101 S.Ct. at 506.

Taking the evidence in the light most favorable to Plaintiff, this Court finds the language in the Dray memo sufficiently

vague as to Plaintiff's future in the company. The language did not convey conclusively that a decision had been made to discharge Plaintiff. In fact, Dray admitted that at the time he wrote the memo, there was a possibility that Trumbull could have kept his job if the desired improvements at Kensington Manor were made. Additionally, Defendant concedes that the decision to fire Plaintiff was not made until mid-May of 1987 and that Dray alone could not fire Trumbull because HCR policy required two management personnel to discharge an employee.

This Court agrees with the Fifth Circuit that "the relevant inquiry is not on the subjective state of mind of the plaintiff, but rather, on the sufficiency of the notice plaintiff received." *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir.1988). Based on this premise, the assertion that the statute of limitations period began to run on February 24, 1987 must fail.

Since the briefs do not contain mention of further discussions pertaining to Trumbull's employment until his termination on June 29, 1987, this Court holds that June 29, 1987, is the date when the statute of limitations began to run on the action. The present action was filed on June 27, 1989 which falls within the prescribed two-year limitations period. Plaintiff's FHRA claim was filed with the Florida Commission on Human Relations on December 17, 1987 and was therefore instituted within 180 days of his date of termination.

■ The second issue the Court addresses is whether Plaintiff has established a prima facie case of age discrimination under the ADEA and the FHRA. A prima facie case can be established through direct evidence, statistical evidence or the presumption recognized under the four-part test of *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Baker v. Sears, Roebuck & Co.*, 903 F.2d 1515 (11th Cir.1990); *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989); *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1442–43 (11th Cir.), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985); *Pace v. South-*

*ern Railway System*, 701 F.2d 1383, 1386 (11th Cir.), *cert. denied* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983).

In creating the *McDonnell Douglas* test, the Court stressed that it cannot be mechanically applied because age discrimination tends to be more subtle than gender or race discrimination. We find that Plaintiff makes a prima facie case under the *McDonnell Douglas* test.

■ Under this test, a plaintiff must show that: (1) he is a member of the protected group; (2) he was subjected to an adverse employment action; (3) he was replaced by someone either outside the protected group or, if within the protected group, by someone substantially younger than himself; and (4) he was qualified for the position from which he was terminated. *See Pace*, 701 F.2d at 1386; *Goldstein*, 758 F.2d at 1443.

In applying the facts of this case to the first two prongs of the *McDonnell Douglas* test, it is clear that Plaintiff, at age 55, is in the protected group and that an adverse employment action occurred when he was terminated on June 29, 1987. The third prong of the test merits a more thorough discussion.

Plaintiff was replaced by a 50 year old administrator who is also in the protected group. In *Pace*, a two year age difference between the plaintiff and his replacement was found not to be a sufficient basis for a prima facie case in the absence of any other evidence. *Pace*, 701 F.2d at 1390. However, in *Carter v. City of Miami*, 870 F.2d 578 (11th Cir.1989), the plaintiff, a 57 year old attorney, was replaced by a 46 year old attorney who, due to her age, also fell within the protected class. The *Carter* court found the fact that the plaintiff's replacement fell within the protected class did not compel the conclusion that as a matter of law, a prima facie case had not been established. *Carter*, 870 F.2d at 583. In *Carter*, the eleventh circuit also noted that "[s]ome Circuits have stated explicitly that a plaintiff need only establish that he was replaced by a younger person." *Id.* at 583, n. 14 [citing *Carden v. Westinghouse Electric Corp.*, 850 F.2d 996, 1000 (3d Cir.

1988); *Furr v. AT & T Technologies, Inc.,* 824 F.2d 1537, 1542 (10th Cir.1987); *Diaz v. AT & T,* 752 F.2d 1356, 1359–60 (9th Cir. 1975); *Douglas v. Anderson,* 656 F.2d 528, 533 (9th Cir.1981); *Schwager v. Sun Oil Co.,* 591 F.2d 58 (10th Cir.1979) ].

The question then becomes "whether an ordinary person could reasonably infer discrimination if the facts presented remained unrebutted." *Id.* (citing *Goldstein,* 758 F.2d at 1443). Whether a five year age difference is substantial in this particular case is an issue of fact for a jury to decide.

In viewing the evidence in the light most favorable to Plaintiff, this Court finds that the fourth prong of the *McDonnell Douglas* test was satisfied. Trumbull had approximately 25 years of experience in the nursing home field and apparently performed satisfactorily while an administrator at Kensington Manor for Care Corporation. Thus, as a matter of law, Plaintiff has pleaded a prima facie case of age discrimination.

■ Once Plaintiff presents a prima facie case, he raises a rebuttable inference that discrimination has occurred and the burden of proof shifts to the employer to respond with a legitimate, nondiscriminatory reason for discharging him. *Young v. General Foods Corp.,* 840 F.2d 825, 828 (11th Cir.1988). In the instant case, HCR asserted that Trumbull's dismissal was due to his not meeting "HCR standards" as evidenced by memorandums written on October 10, 1986, and February 24, 1987, and his rumored consumption of alcohol on the job.

Since Defendant's justification for Plaintiff's discharge was not discriminatory on its face, the burden returns to Plaintiff to prove by meaningful evidence that the employer's reason for termination is a pretext for discrimination. *Young,* 840 F.2d at 584.

Hence, the third issue before the court is whether Plaintiff has failed to show that there is a genuine issue of material fact as to whether HCR's articulated non-discriminatory reason for his termination is pretextual. Plaintiff may establish an issue of material fact by either directly "persuading

the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Goldstein,* 758 F.2d at 1445 [citing *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981) ]. We find that there is no genuine issue of material fact regarding this issue and on this point grant summary judgment.

Trumbull claims that direct evidence, in the form of statements made by Dray, could reasonably be considered to show age bias. The statements Plaintiff proffers for this contention are: "[Y]ou've been around long enough, you ought to know" and "[Y]ou've been in this business so many years, you certainly ought to be able to figure that out."

■ The Eleventh Circuit has held that not every remark regarding a person's age provides direct evidence of bias. *Young,* 840 F.2d at 829. Only blatant comments in which it is obvious that the only intent possible is one of discrimination suffices to constitute direct evidence. *Id.* (Also *see, Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 610 (11th Cir.1987), in which the court held that a remark by a personnel manager to a security guard that "you would have to take another physical examination and at your age, I don't believe you could pass it" was not found to constitute direct evidence of age bias.) While the comments made by Dray to Plaintiff may be condescending, they are insufficient to justify a finding of direct evidence of age discrimination.

Plaintiff also asserts that he has produced enough evidence in the form of statistical and circumstantial evidence to withstand Defendant's motion for summary judgment. We disagree. Trumbull's statistical evidence stems from the fact that two other HCR administrators in the protected age group, in addition to himself, were allegedly victims of disparate treatment that ended in their discharge and subsequent replacement with younger administrators.

During the time period that Dray was Regional Director of Operations and Tarver was Vice President of Operations (September 1986 until 1990) ten personnel changes occurred at the level of administrator in seven of HCR's Florida nursing home operations. Of those ten changes in personnel, an older employee replaced a younger employee four out of ten times. In four of those instances an employee outside the protected class was hired to replace an administrator who fell within the protected class. The remainder of the personnel changes were between employees who all fell within the protected class.

We believe this evidence is insufficient under the *Goldstein* standard to provide proof of discrimination since it does not persuade the court that a discriminatory reason more likely prompted Trumbull's discharge. As the Eleventh Circuit held, the statistical data from which a plaintiff asks a fact-finder to draw an inference must be from a roughly comparable population. *Baker*, 903 F.2d at 1522. Since no party has established whether the class of HCR administrators had comparable backgrounds and qualifications, this statistical data does not provide adequate evidence of a pattern of age discrimination.

Plaintiff claims that the EEOC determination further supports his allegation of age bias on the part of Defendant. The EEOC found that evidence showed Defendant discriminated because different standards of disciplinary action were applied to older administrators when compared to younger administrators within HCR. Specifically, the EEOC was referring to the fact that after the 1987 HRS inspection, Trumbull's nursing home, Kensington Manor, declined in rating as did another one of HCR's nursing homes, Rosedale Manor. The administrator at Rosedale, Pam Osborne was 38 years old. However, her employment with Defendant was not terminated.

In *Nix v. WLCY Radio/Rahall Communications*, 738 F.2d 1181, 1185 (11th Cir. 1984), it was established that in order for two employees to be situated in such a way that their disparate treatment creates a reasonable inference of discrimination, the circumstances of their employment must be "nearly identical."

Defendant claims that the circumstances surrounding Plaintiff's and Osborne's employment were not nearly identical because Osborne worked harder at trying to comply with HCR standards and took HCR's suggestions and put them in place. Plaintiff, on the other hand, received two written memoranda with suggestions from HCR that Defendant claims went unheeded due to Trumbull's unresponsive attitude. Additionally, Defendant asserts that it had no concern that Osborne was consuming alcohol while at work, as it did with Trumbull. Plaintiff has put forth no evidence rebutting these assertions in order to show that HCR's proffered explanation is unworthy of belief.

Plaintiff did file one supporting affidavit with its brief. The affiant, Richard Giles, worked with Plaintiff as an "administrator in training" for three months. In his statement, Giles affirmed that HCR management suspected that Plaintiff had a drinking problem. However, in the three months that Giles worked at Kensington Manor, he asserts that he saw no evidence of Trumbull's drinking on the job.

We do not find that Giles' statements provide any suggestion of a pretextual nature in Defendant's rationale for terminating Plaintiff. Giles worked with Plaintiff for only three months and in an inferior or "training" position. Defendant contends that Plaintiff's discharge was caused by Plaintiff's unresponsive attitude to HCR policy and that Trumbull's possible drinking on the job was also a factor, but not the sole factor, in the decision to terminate his employment with HCR.

Therefore, since Plaintiff has failed to present any significantly probative evidence as to the pretextual nature of reasons given for his dismissal, summary judgment for the Defendant is granted.

This Court recognizes that Defendant alleges that proof of Plaintiff's alcohol consumption found after Plaintiff's termination can also be used to show that Plaintiff would have been fired, pretext or no

pretext. Since summary judgment has been granted, we decline to address this issue.

Accordingly, since Plaintiff's claim has not been supported by any significant probative evidence of pretext on the part of Defendant in giving reasons for his discharge, it is

ORDERED the Defendant's motion for summary judgment be GRANTED and the cause of action be DISMISSED. The Clerk is directed to enter a final judgment for Defendant, Health Care and Retirement Corporation of America, in accordance with this Order. It is further

ORDERED that Plaintiff's pendant state claims be DISMISSED.

DONE and ORDERED.