**Ronald R. KOTAS, Plaintiff,**

v.

**WATERMAN BROADCASTING d/b/a WBBH–TV Channel 20, a Florida Corporation, Defendant.**

**No. 94–246–CIV–FTM–17D.**

United States District Court,
M.D. Florida,
Fort Myers Division.

June 13, 1996.

Dana Mason Gallup, Allen, Knudsen, De-Boest, Edwards & Roberts, P.A., Ft. Myers, FL, for Ronald R. Kotas.

Ronald R. Kotas, Ft. Myers, FL, pro se.

W. Reynolds Allen, Kevin O'Toole, Hogg, Allen, Norton & Blue, P.A., Tampa, FL, for Waterman Broadcasting.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on the following motions and responses:

1. Defendant's Motion for Summary Judgment (Dkt. 17).
2. Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 29)
3. Defendant's Motion for Leave to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 35).

### FACTS

This is an action for discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. Section 621, *et seq.* Plaintiff claims he was discriminated against and constructively discharged from his job based on employment discrimination because of his age. Plaintiff has alleged the following facts in support of his claims:

1. In August of 1990, Robert Cleveland ("CLEVELAND"), chief engineer for Defendant corporation, hired Plaintiff for the position of transmitter engineer. Plaintiff was fifty-eight (58) years old.
2. Plaintiff's job performance evaluations were above average under the supervision of Mr. Cleveland but those evaluations began to deteriorate after Mr. Cleveland retired in August 1991.
3. Under Mr. Cleveland's supervision, Plaintiff did not receive any negative comments regarding his job performance, and he received a substantial pay increase.
4. Prior to Mr. Cleveland's retirement, Defendant allegedly discriminated against Mr. Cleveland on the basis of his age, including direct comments such as "we can hassle you into retirement," pranks and jokes, and eliminating Mr. Cleveland's position.
5. On or about March 19, 1992, Defendant placed Plaintiff on probation and demoted him to master control engineer for failing to catalog tools in the station transmitter facility, although it took the new transmitter engineer approximately two (2) years to complete the same task.
6. Despite Plaintiff's seniority status, the assignment of master control engineer entailed a reduction of pay and an assignment of night shift hours.
7. Plaintiff was allegedly subjected to embarrassment, humiliation and harassment instigated by managers and employers of Defendant corporation.
8. On or about November 11, 1992, Defendant company officials called Plaintiff into a meeting and advised Plaintiff that he would be suspended for three (3) days.
9. Because Plaintiff allegedly believed that the harassment and discriminatory treatment would continue, Plaintiff felt compelled to resign his position to prevent further deliberate attempts by Defendant to force his resignation.
10. At all applicable times, Plaintiff was allegedly qualified to do his job.
11. Bob Hollinger ("HOLLINGER"), a forty-seven (47) year old individual, filled Plaintiff's position as transmitter engineer.
12. James Parish's ("PARISH") affidavit and Mr. Cleveland's deposition corroborate Plaintiff's assertions.

### STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.,* 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant,* 595 F.2d 994, 996–97 (5th Cir.1979), quoting *Gross v. Southern Railroad, Co.,* 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986):

In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553, 91 L.Ed.2d at 274.

## DISCUSSION

### PRIMA FACIE CASE

■ "Under the ADEA, a plaintiff claiming disparate treatment bears the ultimate burden of proving that age was a determining factor in the employer's decision to fire him or her." *Carter v. City of Miami,* 870 F.2d 578, 581, (11th Cir.1989); *Young v. General Foods Corp.,* 840 F.2d 825, 828 (11th Cir.1988). A plaintiff may establish a *prima facie* case of age discrimination in three ways: (1) by presenting direct evidence of discriminatory intent; (2) by satisfying the four part test of *McDonnell Douglas v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); or (3) by statistical proof. *Carter,* 870 at 581.

■ Under *McDonnell Douglas,* plaintiff must prove discriminatory intent by a preponderance of the evidence in order to prevail. If plaintiff meets that burden, the employer may then articulate some legitimate, nondiscriminatory reason for its treatment of the employee. *McDonnell Douglas,* 411 U.S. at 801, 93 S.Ct. at 1823. Plaintiff then again has the burden of establishing that the legitimate, nondiscriminatory reasons expounded by the employer were not true reasons, but were mere pretext for discrimination. *Texas Department of Community Affairs. v. Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093; *See also Kirkpatrick v. Charter Hospital of Bra-*

*denton, Inc.,* 1991 WL 115771, 1991 U.S.Dist. LEXIS 9009; Emp.Prac.Dec. (CCH) p40, 719. (M.D.Fla.1991). Because neither party has offered statistical evidence, this Court only needs to consider whether direct or circumstantial evidence of discrimination exists in this case.

### DIRECT EVIDENCE

Plaintiff has submitted numerous claims that allege direct and circumstantial evidence of Defendant's discriminatory intent. Wayne Phillips ("PHILLIPS"), the new chief engineer, Mr. Parish, engineer, and Steve Statzer ("STATZER"), engineer, allegedly made statements in reference to Mr. Cleveland, such as "it's an Old Bob Cleveland problem," "Old Bob did it," and "it's Old Bob's equipment." Bernie Waterman ("WATERMAN"), station owner, allegedly made statements to Cleveland such as "you ought to retire" and "we can hassle you out of here anytime we damn well please."

Plaintiff further argues that Diane Bower, departmental head, commented that "that old man's got to go." Additionally, Steve Pontius ("PONTIUS"), station manager allegedly suggested that an applicant for the chief engineer position in his upper fifties was "too old." Plaintiff claims that Mr. Statzer made derogatory and insulting remarks concerning Plaintiff's age and engineering ability during a Christmas party in 1991. He further asserts that Laura Meckler ("MECKLER"), master control engineer, commented to Plaintiff that management was "out to get him."

Moreover, Mr. Phillips allegedly commented that Defendant could not simply terminate Plaintiff because the company had concerns regarding the possibility of Plaintiff filing a claim for age discrimination. Mr. Parish's affidavit states that the Defendant engaged in a course of conduct to make Plaintiff's life so miserable that he would feel compelled to resign from the company.

Defendant alleges additional facts pertinent to the motion for summary judgment. Defendant contends that Mr. Statzer's comments at the Christmas party were part of a skit intended to be entertainment. These comments are clearly not blatant remarks

whose only intent was to discriminate against Plaintiff on the basis of his age. At the time, Mr. Statzer was a co-worker without supervising authority over Plaintiff.

Next, Defendant contends that statements referring to former company employee, Mr. Cleveland, as "Old Bob" and to new employee, Mr. Hollinger, as "New Bob" were isolated comments allegedly made by employees and are ambiguous at best. These comments are subject to innumerable interpretations including the fact that "Old Bob's" date of hire preceded that of "New Bob's."

Defendant further asserts that it is apparent that these comments have absolutely nothing to do with Plaintiff's allegations of age discrimination. For example, the fact that someone was "out to get him" provides no evidence to support Plaintiff's claim that he was discriminated against because of his age.

■ "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without further inference or presumption." *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir.1989); citing *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 n. 13 (11th Cir.1988). The Eleventh Circuit Court of Appeals has held that not every remark regarding a person's age provides direct evidence of bias. *Trumbull v. Health Care & Retirement*, 756 F.Supp. 532 (M.D.Fla.1991); citing *Young v. General Foods Corp.*, 840 F.2d 825, 829 (11th Cir.1988). Co-worker's remark to Plaintiff that management was "out to get him" does not constitute a remark so blatant that it is obvious that the only intent is to discriminate against Plaintiff on the basis of his age. *Carter*, 870 F.2d at 582. Additionally, even if this Court found that this comment represents direct evidence of age discrimination, absent some evidence establishing that the person making the comment had control over or influenced the decision making process, this comment would not be deemed discriminatory on the basis of Plaintiff's age. *Mauter v. Hardy Corp.*, 825 F.2d 1554 (11th Cir.1987).

■ However, Mr. Phillips statement to Mr. Parish that Mr. Phillips could not simply terminate Plaintiff because of concerns about claims of age discrimination could reasonably be interpreted as direct evidence of age discrimination. Taking the evidence in the light most favorable to the nonmoving party, this Court finds that the views of the parties represent genuine issues of material facts. Summary judgment is not appropriate when factual disputes exist so as to create a genuine issue for trial. *Sweat v. Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983).

■ In the face of direct evidence of age discrimination, Defendant corporation must prove that it would have made the same decision absent any discriminatory intent. *Carter v. City of Miami*, 870 F.2d 578, 582 (11th Cir.1989); citing *Young*, 840 F.2d at 828. Defendant has not sustained it's burden.

### THE MCDONNELL DOUGLAS TEST

■ Even if this Court were to grant summary judgment for lack of direct evidence, it would consider the *McDonnell Douglas* test in deciding whether a genuine issue of material fact exists. Under this test, Plaintiff must prove that: "(1) he is a member of the protected group; (2) he was subjected to an adverse employment action; (3) he was replaced by someone either outside the protected group or, if within the protected group, by someone substantially younger than himself; and (4) he was qualified for the position from which he was terminated." *Trumbull v. H.C.R. Corp. of America*, 756 F.Supp. 532, 536 (M.D.Fla.1991); *See Pace v. Southern Railway System*, 701 F.2d 1383, 1386 (11th Cir.1983), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983); *Goldstein v. Manhattan Industries, Inc.*, 758 F.2d 1435, 1443 (11th Cir.1985), *cert. denied*, 474 U.S. 1005, 106 S.Ct. 525, 88 L.Ed.2d 457 (1985).

In applying the facts of this case to the first prong, the parties agree that Plaintiff, at age fifty-eight (58), is in the protected class. Under the second prong Plaintiff asserts that Defendant subjected him to adverse employment actions when Defendant placed him on probation, subsequently demoted him and preceded to place him on a three (3) day suspension. In satisfying the third prong, a forty-seven (47) year old indi-

vidual replaced Plaintiff as transmitter engineer.

Although Plaintiff's replacement is also a member of the protected class, this prong is treated with some flexibility in age discrimination cases. *Carter v. City of Miami,* 870 F.2d 578, 582, n. 11 (11th Cir.1989). The Eleventh Circuit does not absolutely bar a plaintiff from establishing a *prima facie* case because of an inability to prove that someone less that forty (40) years old replaced him or her. *Id.* at 583. Some circuits have required plaintiffs to prove only that the person replacing plaintiff was younger. *Id.* at 583, n. 14; citing *Carden v. Westinghouse Electric Corp.,* 850 F.2d 996, 1000 (3d Cir.1988); *Furr v. AT&T Technologies, Inc.,* 824 F.2d 1537, 1542 (10th Cir.1987); *Diaz v. AT & T,* 752 F.2d 1356, 1359–60 (9th Cir.1985); *Douglas v. Anderson,* 656 F.2d 528, 533 (9th Cir.1981); *Schwager v. Sun Oil Co.,* 591 F.2d 58 (10th Cir.1979).

Addressing the fourth prong, Plaintiff contends that at all times he was qualified for the engineer transmitter position. In support of this claim, he alleged that he continued to work as an engineer one day per week even after his demotion.

■ In viewing the evidence in the light most favorable to Plaintiff, this Court finds that Plaintiff has satisfied all prongs of the *McDonnell Douglas* test. Thus, as a matter of law, Plaintiff has pleaded a *prima facie* case of age discrimination.

### *LEGITIMATE/NONDISCRIMINATORY REASONS*

■ Once Plaintiff has established a *prima facie* case the burden shifts to Defendant to articulate legitimate nondiscriminatory reasons for the adverse actions. *Young,* 840 F.2d at 828 (11th Cir.1988). "An employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for termination." *Clark v. Coats & Clark, Inc.,* 990 F.2d 1217, 1228 (11th Cir.1993). In the present case, Defendant asserts that Plaintiff's performance problems surfaced as a result of his failure to organize the transmitter (which was primarily his responsibility) and to catalog equipment so that others could find it, the poor quality of his repair work, and the

fact that the company felt that he was not a "self starter." For example, Defendant alleges that there is a memo in Plaintiff's personal file stating that every view finder that Plaintiff repaired failed after a short while. Defendant further contends that Plaintiff admits being criticized for this, but did not find the criticism discriminatory on the basis of his age. Defendant eventually placed Plaintiff on probation because of these violations.

At the conclusion of this probation, Defendant allegedly assigned Plaintiff to master control engineer. The new position entailed working master control four (4) days per week and engineer one (1) day per week. Plaintiff's maintenance engineer duties were limited to those that he could successfully complete. This reassignment included a reduction in Plaintiff's hourly rate of pay for the days he worked as master control engineer, and a change in his work schedule. Although Plaintiff would have preferred being promoted to transmitter supervisor, he offers no evidence to support a claim that this decision discriminated against him.

Defendant further argues that Plaintiff violated internal policy by removing individual pages of the transmitter log off company premises in order to make copies. Plaintiff acknowledges that after his transfer he began coping the transmitter log to send to EEOC as part of his charge of discrimination. Defendant placed Plaintiff on probation as a result of these actions but Plaintiff offered no evidence to show that this probation was based on his age.

Defendant asserted that Plaintiff also knowingly violated FCC rules and regulations in October 1992 by erasing transmitting logs. Keith Floyd, Plaintiff's supervisor, allegedly gave Plaintiff notice regarding this conduct. Plaintiff admits to erasing the logs, however, he contends that FCC would "make an exception" for his behavior. However, Plaintiff never claimed that age affected the Defendant's decision to discipline him for this behavior.

Additionally, Defendant disciplined Plaintiff for failing to tune in the Conus Feed satellite. His defense for this action was that someone told him during his training to

just report problems with the Conus Feed the following morning because it was not significant. However, Plaintiff produced no evidence that management gave him this instruction or that discipline for such failure was related to his age.

Defendant argues that finally, after taking all those documented disciplinary actions against Plaintiff, Defendant company officials called a meeting on November 11, 1992, at which Plaintiff and various members of management attended. The purpose of the meeting was to place Plaintiff on a three (3) day suspension due to his performance problems. There was never any reference to terminating Plaintiff at this meeting. Defendant contends that Plaintiff's subjective "belief" that these actions were taken against him because of his age are not sufficient to show pretext. *See Karazanos v. Navistar International Transportation Corp.*, 948 F.2d 332 (7th Cir. 1991) (Speculation that the employer "setup" the plaintiff by assignment to a "kiss of death" position is not adequate to establish pretext).

■ This Court, having considered Defendant's arguments, is convinced that Defendant has successfully rebutted Plaintiff's *prima facie* case.

## PRETEXTUAL REASONS

■ Once Defendant articulates legitimate nondiscriminatory reasons for its adverse actions, "the burden is again upon Plaintiff to prove that the employer's reasons are mere pretext for discrimination." *Young*, 840 F.2d at 828. Summary judgment is appropriate if Plaintiff fails to set forth specific facts showing a genuine issue exists as to whether the employer's articulated reasons are pretextual.

In response to Defendant's allegations that Plaintiff failed to organize the transmitter and catalog equipment, Plaintiff asserts that on or about March 19, 1992, Mr. Phillips and Mr. Parish conducted an unannounced inspection of the transmitter facility. Mr. Parish later admitted in an affidavit that the company often engaged in the practice of assigning minimal tasks to "target employees" and would follow up with disciplinary

action when the employee did not follow through. Additionally, Mr. Parish stated that it took the new transmitter engineer approximately two (2) years to complete cataloging the tools and organizing the transmitter. Based on Mr. Parish's affidavit, Plaintiff's probation was a "setup" to create a paper trail for Plaintiff's ultimate demotion. Plaintiff refutes the allegations that he performed poorly by submitting Mr. Cleveland's statements that Plaintiff did a "great job" and Mr. Parish's affidavit stating that Plaintiff's performance was "average and in line with the other engineers."

Plaintiff argues that at the end of his probationary period Defendant demoted him to master control engineer and reduced his hourly rate of pay. The new position entailed working 11:00 p.m.—7:00 a.m. Wednesday through Saturday and 9:00 a.m.—5:30 p.m. on Wednesdays. According to Mr. Parish, Defendant corporation has required no other employee to work two (2) consecutive shifts without a minimum of eight (8) hours off between shifts. Plaintiff asserts that his supervisor told him that the corporation assigned him the late night shift because he had the least seniority of the master control engineers. However, Plaintiff contends that Ms. Meckler, another master control engineer, maintained her day shift hours due to her seniority status in the engineering department at large. Mr. Parish's affidavit stated that because master control engineers are part of the engineering department, Plaintiff should have maintained his seniority with respect to receiving a more favorable schedule.

Addressing the removal of transmitter logs from Defendant corporate premises, Plaintiff asserts that he "believes" Defendant placed him on probation for taking the logs off premises in retaliation for filing an EEOC complaint. He argues that Defendant imposed the probation sequential to Plaintiff filing an EEOC complaint. Plaintiff further argues that he made erasures on the transmitter log during his training period because of his concern about ruining the entire log. He contends that he used an erasable pen,

which became permanent in two or three days.

Finally, Plaintiff argues that at a meeting with Defendant corporate officials on November 11, 1992, Defendant informed Plaintiff that Defendant was placing Plaintiff on suspension for three (3) days because of his failure to tune in the Conus Feed satellite. Plaintiff asserts that Defendant was aware of continuing problems of tuning in the Conus Feed satellite, especially at night. Although several other controllers failed to tune in the satellite, Defendant has disciplined no other employees in any way for failing to do so. Moreover, Mr. Parish stated that shortly after Plaintiff resigned, Defendant replaced the satellite dish responsible for tuning in the Conus Feed. Plaintiff contends that the sum total of Defendant's actions was nothing more that a concerted effort to force Plaintiff to resign from Defendant corporation.

 This Court notes that Plaintiff's argument justifying transmitter log erasures in violation of FCC regulations is unconvincing. However, Plaintiff has set forth sufficient reasons using other specific facts showing that Defendant's actions could have been pretextural, the resolution of which is a matter for trial. Thus, Plaintiff has met his burden in defense of the Motion for Summary Judgment. Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 29) and that Defendant's Motion for Leave to Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 35) be **DENIED.**

**DONE AND ORDERED.**