Carolyn A. **BENO**, Plaintiff,

v.

**UNITED TELEPHONE COMPANY OF FLORIDA**, Defendant.

No. 96–182–CIV–FTM–17D.

United States District Court, M.D. Florida.

July 7, 1997.

Dennis Louis Webb, Webb & Scarmozzino, P.A., Ft. Myers, FL, for Plaintiff.

Patrick M. Muldowney, Shutts & Bowen, Orlando, FL, for Defendant.

### ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT ON ALL COUNTS

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant, UNITED TELEPHONE COMPANY OF FLORIDA's, Motion for Summary Judgment and supporting Memorandum of Law (on Count I), filed January 13, 1997 (Docket No. 24), and its Motion to Dismiss or, in the alternative, Motion for Summary Judgment on Count II of Second Amended Complaint, filed February 28, 1997 (Docket No. 47). Plaintiff CAROLYN A. BENO responded on February 27, 1997 (Docket No. 59) and March 6, 1997 (Docket No. 71).

### STANDARD OF REVIEW

A motion for summary judgment should be entered when the moving party has sustained its burden of showing that, when all the evidence is viewed in light most favorable to the non-moving party, there is no genuine issue of material fact in dispute. *Bolt v. Halifax Hosp. Med. Ctr.*, 980 F.2d 1381, 1385 (11th Cir.1993). Also, the Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), held:

[T]he plain language of Fed.R.Civ.P. 56(c) mandates summary judgment after adequate time for discovery and upon motion against a party who fails to establish the existence of an essential element to that party's case, and on which that party will bear the burden at trial.

*Celotex*, 477 U.S. at 322, 106 S.Ct. at 2553. The Court further held that, under Rule 56(e), the non–moving party must go beyond the pleadings to establish whether specific facts show that a genuine issue exists for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. A dispute is genuine, and summary judgment inappropriate, if a reasonable jury could return a verdict for the non–moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In the context of employment discrimination claims in which there is a lack of direct evidence, the United States Supreme Court explained in *McDonnell Douglas v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973), that the plaintiff carries the initial burden of proving a *prima facie* case. *See Young v. General Foods Corp.*, 840 F.2d 825, 828 (11th Cir.1988), *cert. denied*, 488 U.S. 1004, 109 S.Ct. 782, 102 L.Ed.2d 774 (1989) (distinguishing between "direct evidence" case and *McDonnell Douglas* case). Upon the employer's showing of some legitimate, non-discriminatory reason for the termination, the plaintiff has the burden to prove that the Employer's proffered reason is pretext. *McDonnell Douglas*, 411 U.S. at 802, 93 S.Ct. at 1824. The Eleventh Circuit permits summary judgment for a defendant when the plaintiff fails to make sufficient showing to rebut the defendant's proffered legitimate, non-discriminatory reason for the challenged employment action. *See, e.g., Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 596–97 (11th Cir.1987) (upholding summary judgment for employer on grounds that plaintiff failed to produce sufficient evidence of pretext); *Pugh v. Heinrich*, 695 F.Supp. 533 (M.D.Fla.1988) (Kovachevich, J.) (granting summary judgment on plaintiff's disparate treatment and constructive discharge claims because the plaintiff failed to either establish *prima facie* case of discrimi-

nation or rebut employer's proffered reasons by competent evidence that reasons were pretextual or unworthy of credence), *aff'd mem.,* 933 F.2d 1020 (11th Cir.1991).

## FACTUAL BACKGROUND

The plaintiff, Carolyn A. Beno (Beno), was employed by the defendant, United Telephone Company of Florida (United), from August 1977 until May 1, 1996. At the time of her termination, Beno held the position of "System Designer I—Marketing." On April 2 and 3, 1996, Beno attended a training session for which she was required to travel out of town. After the trip, Beno submitted an employee expense statement to her immediate supervisor, Monica Pfister, for the reimbursement of meal expenses.

Pfister found the amounts submitted by Beno for reimbursements to be suspiciously high and conducted an investigation. After contacting the accounting department at the restaurant where Beno had eaten dinner, Pfister learned that Beno had ordered two (2) dinners and two (2) drinks on both April 2 and 3. Beno's discrepancy amounted to approximately $18.00 for which she was not entitled to reimbursement. Beno admits that she took her mother with her on the trip, and that they went to the restaurant together, but claims that the two (2) dinners she ordered were for her own consumption.

Seeking reimbursement for expenses other than those incurred for "a valid business purpose" violates United's policies and procedures, and constitutes a terminable offense. United had terminated people in the past for similar violations involving as little as $3.00, $15.00, $20.75, and $30.00. (Gilson Aff. ¶ 6). Because these examples of similar terminations are not challenged by Beno, the Court accepts them as undisputed facts.

On April 19, United's Security Manager interviewed Beno during the investigation. On April 22, the Security Manager reported the results of his investigation to the Senior Attorney of United's legal department. On April 24, after consulting with the attorney about the Security Manager's findings, Pfister decided to recommend Beno's termination. Before Beno, Pfister had never recommended that a United employee be terminated.

On April 26, Pfister received a facsimile from Beno's doctor stating that she needed to be off from work for three (3) weeks. Beno had never requested such leave before, and her request was granted. During a conference call on April 30, among Pfister, Pfister's supervisor, the Security Manager, the attorney, two Managers of Employee Relations, and the Director of Human Resources, the group agreed that Beno should be terminated for falsifying expense reports. The Director of Business Services approved the decision the same day. On May 1, Beno, while still on medical leave, was notified, by telephone and by letter, that her employment at United had been terminated.

Beno claims that United terminated her employment in violation of the Family and Medical Leave Act of 1993 (FMLA), 29 U.S.C. § 2601. By motion dated January 13, 1997, Beno moved to amend her complaint to state a claim under the federal Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621. In her ADEA claim, Beno alleges that United terminated her employment because of her age, which was forty-seven. Beno seeks reinstatement to her job, back pay, front pay, liquidated damages, attorneys' fees and costs.

Discovery closed on December 20, 1996 pursuant to this Court's Case Management and Scheduling Order.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON FMLA CLAIM

■ To maintain a *prima facie* case for a violation of the FMLA, a plaintiff must demonstrate that: (1) she is protected under the FMLA, (2) she suffered an adverse employment decision, and (3) either she was treated less favorably than an employee who had not requested FMLA leave or the adverse decision was made because of the plaintiff's request to leave. *Garcia v. Fulbright & Jaworski, L.L.P.,* 3 Wage & Hour Cas.2d (BNA) 742, 747, 1996 WL 544371 (S.D.Tex. 1996) (citing *Oswalt v. Sara Lee Corp.,* 889 F.Supp. 253, 259 (N.D.Miss.1995), *aff'd,* 74 F.3d 91 (5th Cir.1996)). The traditional anal-

ysis for evaluating a discrimination complaint without direct evidence is set forth in *McDonnell Douglas v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1973).

As stated previously in *McDonnell Douglas,* the United States Supreme Court explained that, in employment disputes, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *Id.* at 802, 93 S.Ct. at 1824. If successful, the burden then shifts to the employer to articulate some legitimate, non–discriminatory reason for the rejection or adverse employment action. *Id.* If the employer can supply a legitimate reason for the termination, the plaintiff is afforded an opportunity to show that the reason proffered by the employer is pretextual. *Id.* at 804, 93 S.Ct. at 1825; *See also St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 516, 113 S.Ct. 2742, 2752, 125 L.Ed.2d 407 (1993).

■ Before Beno requested medical leave, her supervisors had already discovered and reported Beno's expense irregularity, conducted an investigation, and recommended her termination. Thus, Beno's allegation of pretext—that she was terminated because of her request for medical leave—is undermined by the undisputed fact that United's steps toward termination were already underway before Beno requested leave.[1] *See Tuberville v. Personal Finance Corp.,* 3 Wage & Hour Cas.2d (BNA) 882, 884, 1996 WL 407571 (N.D.Miss.1996) (finding plaintiff failed to put forth *prima facie* case of FMLA violation when "wheels of termination were put in motion before request for leave"); *Paasch v. City of Safety Harbor,* 915 F.Supp. 315, 321 (M.D.Fla.1995) (stating there was no basis for finding that employer interfered with plaintiff's FMLA rights prior to date medical leave was requested), *aff'd,* 78 F.3d 600 (11th Cir.1996). Based on these undisputed facts, summary judgment must be granted on the FMLA claim as a matter of law because Beno does not prove all of the elements of a *prima facie* case.

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ADEA CLAIM

■ To prove a *prima facie* case for an ADEA violation, a plaintiff must demonstrate that: (1) she is a member of a protected group (i.e., at least 40 years of age), (2) she suffered an adverse employment decision, (3) she was replaced by a substantially younger person, and (4) she was qualified for the position from which she was terminated. *Pace v. Southern Railway System,* 701 F.2d 1383, 1386 (11th Cir.1983) (applying *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)), *cert. denied,* 464 U.S. 1018, 104 S.Ct. 549, 78 L.Ed.2d 724 (1983); *Trumbull v. Health Care & Retirement Corp. of America,* 756 F.Supp. 532, 536 (M.D.Fla.) (Kovachevich, J.), *aff'd mem.,* 949 F.2d 1162 (11th Cir.1991). In *Pace,* the court held that summary judgment may be granted when the plaintiff fails to meet her burden of proof on any element of a *prima facie* case. *See also Pugh v. Heinrich,* 695 F.Supp. 533 (M.D.Fla.1988) (Kovachevich, J.), *aff'd mem.,* 933 F.2d 1020 (11th Cir.1991). Because it is undisputed that Beno's position was filled with someone older than she was, the third element is not satisfied. *See, e.g., O'Connor v. Consolidated Coin Caterers Corp.,* —— U.S. ——, ——, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996) (holding that a *prima facie* case cannot be established if the plaintiff's replacement is "insignificantly younger" than the plaintiff).

■ Beno argues, however, that her replacement was obtained by United simply relocating existing staff and, thus, should not be considered when evaluating the merits of her complaint. However, even if the Court entertains this notion, United was nevertheless successful in properly discharging its burden of proof by offering a legitimate, non-discriminatory reason for the termination.

1. Furthermore, United also argues, as defenses for both Counts I (FMLA claim) and II (ADEA claim), that Beno has failed to put forth any evidence that she was treated less favorably than any United employee who was found to have falsified expense reports. The Court does not reach this issue, however, when considering the FMLA claim because the inquiry stops with Beno's failure to prove a *prima facie* case. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Specifically, United presented evidence that Beno falsified expense reports, which is a terminable offense. To find otherwise would allow employees to steal from their employers, and, at the same time, prohibit employers from firing them, even when the decision is non-discriminatory.

In *Pugh*, this Court granted summary judgment on grounds that the plaintiff had failed to establish a *prima facie* case or rebut the employer's proffered reasons for termination by sufficiently showing that the reasons were pretextual or not worthy of credence. *Pugh*, 695 F.Supp. at 541. Beno argues that the reason given by United for her termination is pretextual. She failed, however, to put forth any direct evidence of discrimination. Examples of sufficient evidence showing pretext would have included credible evidence that younger employees caught falsifying expense reports were treated with less severity, or statistics that demonstrate a general pattern of adverse treatment against older employees. *See Pace*, 701 F.2d at 1388. *See also Trumbull*, 756 F.Supp. at 538 (stating "in order for two employees to be similarly situated in such a way that their disparate treatment creates a reasonable inference of discrimination, the circumstances of their employment must be 'nearly identical'") (citing *Nix v. WLCY Radio/Rahall Comm.*, 738 F.2d 1181, 1185 (11th Cir.1984)). It is undisputed that younger employees, found to have stolen money from United in the form of falsified expense reports, were treated in the same manner as Beno.

Furthermore, Beno has not been able to convince this Court that any statistical evidence of age discrimination exists. The alleged pattern of discrimination presented by Beno includes so few examples (none of which involve a termination), that it does not succeed in demonstrating that Beno's managers, or United, have engaged in a pattern of behavior adverse to employees over age 40. Pfister has recommended the termination of only one person (Beno) since she became manager. Further, the ratio of employees 40 years of age or older to those under 40 has remained constant in the time before Pfister's promotion through the present. Based on these undisputed facts, summary judg-ment must be granted on Count II as a matter of law.

### Compliance with Scheduling Order

The Court reminds counsel on both sides that it is the Court's Scheduling Order that controls for determining the close of discovery, and cautions against modifying the timetable with opposing counsel and without the Court's notice. Only the Court has the power to modify a Scheduling Order, not opposing counsel. *See Local Rule* 3.05 (1996).

The Court, having considered all the arguments of the parties, is convinced that the motion for summary judgment should be granted. Accordingly, it is

**ORDERED** that the Defendant's Motions for Summary Judgment (Docket Nos. 24 & 47) be **granted** on both Counts I and II and the Clerk of Court be **directed** to enter a judgment accordingly.