**Paul G. SCHWAGER, Appellant,**

v.

**SUN OIL COMPANY OF PENNSYLVA-NIA, Appellee.**

No. 77–1515.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 24, 1979.

Decided April 2, 1979.

Rehearing Denied May 4, 1979.

Clee Fitzgerald of Fitzgerald, Houston & Worthington, Stillwater, Okl., for appellant.

C. Harold Thweatt of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for appellee.

Before SETH, Chief Judge, and BARRETT and LOGAN, Circuit Judges.

BARRETT, Circuit Judge.

Paul G. Schwager (Schwager) appeals from an adverse judgment after trial to the court. Jurisdiction vests by reason of 29 U.S.C. § 626.

On November 30, 1972, Schwager was permanently discharged from employment with Sun Oil Company of Pennsylvania (Sun Oil). As a result, Schwager brought suit against Sun Oil claiming that he was unlawfully discharged because of his age, in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (ADEA).

Schwager was employed by Mid-Continent Petroleum Corporation, Sun Oil's predecessor in interest, on April 1, 1954. He continued with the corporation through various mergers, and on the day of his termination had worked for Sun Oil, or its predecessors, for a total of 18 years and 18 months.

In early 1972, Sun Oil's top-level management made a number of important changes in its methods of operation and personnel structure to meet economic conditions and remain competitive in the oil and gas market. Among the alternatives considered, and finally adopted, was a policy requiring personnel reductions in certain areas of the company. In early November of 1972, Mr. E. M. Osgood, the western regional manager for Sun Oil's motor products division informed Mr. V. K. Graber, the manager for the Tulsa district of Sun Oil's motor products division, that it would be necessary to reduce the work force of the Tulsa motor product representatives by an additional person. Schwager was selected for termination.

At trial, Schwager contended that Sun Oil's reorganization plan was aimed primarily at older workers and therefore violated the provisions of the Age Discrimination in Employment Act of 1967. In support of his contention, Schwager introduced statistical evidence which showed that: the average age of employees retained in the Tulsa district was 35 years while the average age of those terminated was 45.7 years; of the 49 employees terminated in the western region, 20 fell between the ages of 23 and 39 and averaged 5½ years of service while 29 fell between the ages of 40 and 65 and had

an average of 19 years of service; employee retirement benefits vest at 20 years of service; and Sun Oil's pension retirement fund liabilities decreased significantly after the terminations.

Schwager also submitted a letter from the chairman of the board of Sun Oil which stated, in part, that the restructure of their organization provided for "a better age distribution of executive personnel." [R., Vol. II, p. 151.]

Sun Oil, on the other hand, maintained that Schwager's termination was simply part of an overall company reorganization necessitated by economic considerations. Mr. V. K. Graber testified that high-level management had informed him that it would be necessary to reduce the employees in his district by one person; that the decision to terminate Schwager was his; that he selected Schwager because he did not measure up to the standard of other people in the district and that age had nothing whatsoever to do with the selection of Schwager. Schwager's territory was split up among four other dealers. It was explained, at trial, that Schwager was not terminated for cause, but merely because his job was eliminated and he was the poorest performer of the sales personnel in that district.

The court found that Schwager's "termination resulted because it was necessary to reduce the complement of motor product salesmen. The plaintiff was selected for termination because he ranked lowest in overall performance of the motor product salesmen in the Tulsa district at the time of termination." [R., Vol. I, p. 120.] In so finding, the court concluded that Schwager's termination was based on reasonable factors other than age, and that his termination did not violate the provisions of 29 U.S.C. §§ 621–634, inclusive.

On appeal, Schwager contends that the court erred in: (1) finding that Sun Oil did not violate the provisions of the Age Discrimination in Employment Act of 1967 and (2) conducting the trial in a summary fashion.

## I.

We first consider Schwager's challenge to the District Court's findings and conclusions that Sun Oil terminated him "based on reasonable factors other than age," 29 U.S.C. § 623(f) and without discriminatory animus.

The Age Discrimination in Employment Act of 1967 is a remedial act designed to ". . . promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment [and] to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). With the enactment of this legislation, "[a]ge became a proscribed basis for employment decisions in much the same manner as Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., (1970 and Supp. IV 1974), had earlier prohibited employment discrimination on the basis of other immutable personal characteristics such as race, color, religion, sex or national origin." *Rodriguez v. Taylor*, 569 F.2d 1231, 1236 (3rd Cir. 1977); *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978).

The purposes and structure of the Acts are similar. Thus, many courts, including ours, have been inclined to apply the standards used in Title VII cases to cases brought under the ADEA. *See: Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd by equally divided court*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977). Specifically, most of the courts which have considered the problem agree that the guidelines set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), generally apply in age discrimination cases. *See: Rodriguez v. Taylor, supra*, at 1239; *Cova v. Coca Cola Bottling Company of St. Louis*, 574 F.2d 958, 959 (8th Cir. 1978); *Marshall v. Goodyear Tire and Rubber Company*, 554 F.2d 730, 735 (5th Cir. 1977); *Cf. Laugesen v. Anaconda Company*, 510 F.2d 307, 311–312 (6th Cir. 1975) (questioning the applicability of *McDonnell Douglas* guidelines in cases tried to a jury).

■ Thus, a plaintiff may establish a *prima facie* case that his or her discharge violated the ADEA by showing that: (1) he or she is within the protected age group; (2) he or she was doing satisfactory work; (3) he or she was discharged despite the adequacy of his or her work; and (4) the position was filled by employees younger than the age of the plaintiff.[1]

■ Upon such a *prima facie* showing of discrimination by a plaintiff, the burden of going forward with the evidence shifts to the defendant-employer. Once the defendant-employer produces evidence tending to show that the termination was based on reasonable factors other than age, the plaintiff must still bear the ultimate burden of establishing his or her case of discrimination by a preponderance of the evidence. *Cova v. Coca Cola Bottling Company of St. Louis, supra,* at 960; *Marshall v. Goodyear Tire and Rubber Company, supra,* at 736; *Bittar v. Air Canada,* 512 F.2d 582 (5th Cir. 1975).

■ In applying these standards to the case at bar, we hold that Schwager established a *prima facie* case of age discrimination. Schwager established that: (1) he was within the protected age group;[2] (2) he was doing satisfactory work; (3) he was discharged despite the adequacy of his work;[3] and (4) sixty percent of his sales territory was taken over by employees sub-

stantially younger than 45 years of age. The natural inference of this proof is that Schwager was discharged because of his age. Thus, a *prima facie* case of age discrimination was proven.

Sun Oil defended the charge of discrimination relying primarily on the provisions of 29 U.S.C. § 623(f). That section of the Act provides, in pertinent part, that:

It shall not be unlawful for an employer . . . (1) to take any action otherwise prohibited . . . where the differentiation is based on reasonable factors other than age . . . .

Sun Oil principally contends that Schwager's termination resulted from a general reorganization of the company necessitated by economic considerations. Ample evidence was introduced showing that top-level management had indeed formulated such a plan. V. K. Graber, the Tulsa district sales manager for Sun Oil, testified that he received specific instructions to eliminate one individual from his sales staff. He further testified that the decision to terminate Schwager was his alone; that Schwager was selected because he did not measure up to the standards of other people in the district and that age had nothing whatsoever to do with the selection of Schwager.

Schwager himself testified he was never told that age had anything to do with his termination. Rather, it was explained that

1. In applying these standards, however, it is emphasized that they are merely guidelines and not inflexible, rigid approaches to determine whether a *prima facie* case has been established. As the Court of Appeals for the Eighth Circuit observed in *Moses v. Falstaff Brewing Corporation,* 550 F.2d 1113, 1114 (8th Cir. 1977), "the proof required for a prima facie case of [age] discrimination will vary depending upon the specific factual situation . . ." The legislative history of the Act justifies this interpretation:

The case-by-case basis should serve as the underlying rule in the administration of the legislation. Too many different types of situations in employment occur for the strict application of general prohibitions and provisions.

H.R.Rep.No.805, 90th Cong., 1st Sess. (1967); *Reprinted* [1967] U.S.Code Cong. & Admin. News, pp. 2213, 2220.

2. At the time the Schwager cause of action arose, the ADEA covered individuals who were at least 40 years of age but less than 65 years of age. Under the 1978 amendments to the Act, the upper limit is 70 years of age effective January 1, 1979. P.L. 95–256 § 3(a), Apr. 6, 1978, 92 Stat. 189.

3. It was admitted at trial by Sun Oil that Schwager was not discharged for "good cause." Rather, it was maintained that he was doing adequate work, but that the reorganization plan required the termination of an employee and that he did not measure up to the standards of the remaining employees in that district.

it was simply a matter of selecting someone to be permanently discharged. Plaintiff's only other witness, George O. Sokol, testified that he was told by "higher headquarters" that it was necessary to reduce a certain number of people. He admitted on cross-examination that he was not told to terminate anyone in particular.

On appeal, we must view the evidence and all reasonable inferences therefrom in the light most favorable to the prevailing party. *Joyce v. Davis*, 539 F.2d 1262 (10th Cir. 1976). A reviewing court is bound by reasonable inferences drawn by the trier of fact. *Quad Construction, Inc. v. William A. Smith Contracting Company, Inc.*, 534 F.2d 1391 (10th Cir. 1976). Where there is substantial evidence to support the findings of a trial court, judgment entered thereon should, on appeal, be upheld. *United States for Use and Benefit of Clark Engineering v. Freeto Construction Company*, 547 F.2d 537 (10th Cir. 1977); Fed.Rules Civ.Proc., rule 52, 28 U.S.C.A.

Based on a complete review of the record, we hold that the District Court was not clearly erroneous in finding that Schwager's termination was based on reasonable factors other than age.

## II.

Schwager contends that the trial court erred in conducting the trial in a summary fashion. In support of his contention, Schwager points to the fact that the trial court "did not ask for opening statements" and did not "entertain closing arguments." He further contends that the trial court erred in summarily admitting 40 pages of detailed exhibits and three depositions containing 93 pages of testimony without even looking at two of the depositions containing 83 pages of testimony.

A careful review of the record does not support Schwager's position. It is true that the trial court did not ask for opening or closing statements. However, Schwager's counsel did not object in any manner or request an opportunity to be heard in the form of either opening or closing statements. We believe his failure to so object constituted a waiver of any right he may have had to oral argument. See *Dortch v. New York Life Insurance Company*, 268 F.2d 149, 158 (8th Cir. 1959); 75 Am.Jur.2d, Trial, § 70, p. 180 (1974).

Schwager's contentions concerning the admission in evidence of the three depositions and the exhibits are also meritless. The exhibits admitted were covered during plaintiff's case-in-chief. It is apparent from the record that the trial court reviewed them. The two depositions which were allegedly admitted without review by the trial judge, were admitted at the request of Sun Oil and were merely corroborative of V. K. Graber's testimony that Schwager was terminated based on reasonable factors other than age. The remaining deposition, which was entered at the insistence of the plaintiff, was also corroborative in nature.

We are satisfied from our review of the entire record that the trial court did not commit reversible error in its conduct of the trial. We observe that the trial judge involved was assigned to the matter from its inception and had previously heard and overruled a motion for summary judgment. Moreover, the court was provided with a trial brief outlining plaintiff's case prior to commencement of trial. Under such circumstances, the trial court did not abuse its discretion.

## III.

We have considered Schwager's remaining allegations of error. We find them to be without merit.

WE AFFIRM.