Shirley BEDOW, Plaintiff,

v.

**VALLEY NATIONAL BANK OF ARIZONA, Defendant.**

**No. CIV 88–0471 RCB.**

United States District Court,
D. Arizona.

Feb. 15, 1989.

Denis R. Malm, Wachtel, Biehn & Malm, Lake Havasu City, Ariz., for plaintiff.

William R. Hayden and William P. Allen, Snell & Wilmer, Phoenix, Ariz., for defendant.

## ORDER

BROOMFIELD, District Judge.

Plaintiff Shirley Bedow was employed as a Teller by Defendant Valley National Bank of Arizona. On June 30, 1987, she was laid off from her job as a teller at one of defendant's branch banks in Kingman, Arizona. Thereafter, plaintiff filed a complaint with the Civil Rights Division of the Arizona Attorney General Office (hereinafter "ARCD") alleging that she was unlawfully discharged by defendant because of her age. ARCD issued a No Cause Order on November 20, 1987 which indicated that there was insufficient evidence that plaintiff had been unlawfully discharged on account of age discrimination. Plaintiff commenced the present civil action in the Superior Court in Mohave County which action was subsequently removed to this Court.

As a result of previous Court rulings and stipulations between the parties, only three claims or causes of action remain from the original complaint. All three claims are predicated on age discrimination. Count One of the complaint is a common law cause of action for "violation of public policy" based on age discrimination. Count Four of the complaint asserts an age discrimination claim in a statutory cause of action under the Arizona Civil Rights Act, A.R.S. § 41–1401, *et seq.* Count Five of the complaint also asserts an age discrimination claim under the federal Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

Defendant brings this motion for summary judgment as to all of the remaining causes of action. The basis of defendant's motion is that there exist no genuine issues of material fact to support plaintiff's age discrimination claim nor to refute defendant's contention that it had a legitimate nondiscriminatory reason for terminating plaintiff's employment. After consideration of the evidence presented by both parties, including the supplemental response filed by plaintiff on February 6, 1989, the Court agrees and grants defendant's motion for summary judgment.

.　　.　　.　　.　　.

Factual Background

Plaintiff was 48 years old when she was terminated by defendant on June 30, 1987. She had been employed by the bank as a Teller since 1971. Plaintiff was informed that her lay off was due to reductions in staff force and that she was targeted for lay off due to her probationary status. Plaintiff had been placed on probation in February, 1987 as the result of disciplinary action due to plaintiff notarizing a forged signature on a document in violation of bank policy.

Plaintiff's position is that she was terminated because of her age and her seniority which carried with it a greater salary. Plaintiff claims that defendant sought to maximize the financial benefit of its staff reductions by terminating older employees with greater seniority and larger salaries.

Legal Standard

To grant summary judgment, this court must find that the record clearly establishes that there exists "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party and the burden is placed on the moving party to establish both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Matsushita Electric Industrial Co., v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356–1357, 89 L.Ed.2d 538 (1986). The moving party may discharge this burden by showing there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party opposing a motion for summary judgment cannot rest upon his mere allegation or denials of his pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2515, 91 L.Ed.2d 202 (1986).

Under recently enunciated standards set forth by the United States Supreme Court, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. The requirement is that there be no genuine issue of material fact. *Anderson, supra,* 106 S.Ct. at 2514. A material fact is any factual issue which might affect the outcome of the case under the governing substantive law. A material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.,* 106 S.Ct. at 2510.

■ At the summary judgment stage, the trial judge's function is to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, the judge may grant summary judgment. *Id.,* 106 S.Ct. at 2511.

The allocation of burden and proof in age discrimination cases is as follows:

First, the plaintiff has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate nondiscriminatory reason for the adverse employment decision. Third, should the defendant carry this burden, the responsibility then reverts to the plaintiff to show that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Foster v. Arcata Associates, Inc.,* 772 F.2d 1453, 1458–59 (9th Cir.1985), *cert. denied,* 475 U.S. 1048, 106 S.Ct. 1267, 89 L.Ed.2d 576 (1986).

Analysis

Defendant has assumed for purposes of this summary judgment motion that plaintiff can establish a prima facie case. Therefore, the burden shifts to defendant to articulate some legitimate, nondiscriminatory reason for plaintiff's termination. Defendant sets forth what it terms are two legitimate nondiscriminatory business reasons for terminating plaintiff. First, defendant claims the plaintiff's termination came as the result of an overall employee and staff reduction in the Kingman area and throughout Arizona designed to reduce expenses and losses and improve profitability. Second, the decision as to whom to terminate as a part of this overall staff reduction plan was based on job performance including prior disciplinary warnings regarding performance deficiencies.

■ Plaintiff concedes that there were financial reasons which necessitated defendant's staff reduction and indeed job layoffs and reductions in the work force triggered by poor economic conditions or a bad business climate constitutes a legitimate nondiscriminatory reason for a termination. *LaGrant v. Gulf & Western Mfg. Co., Inc.,* 748 F.2d 1087, 1090 (6th Cir.1984); *E.E.O.C. v. Western Elec. Co.,* 713 F.2d 1011, 1016 (4th Cir.1983). In addition, poor job performance can be a legitimate, nondiscriminatory basis upon which to make staff reduction decisions. *Schwager v. Sun Oil Company of Pennsylvania,* 591 F.2d 58, 61–62 (10th Cir.1979). As a result, defendant has met its burden of articulating legitimate, nondiscriminatory reasons for plaintiff's termination.

With the inference of discrimination rebutted, the burden returns to plaintiff to demonstrate that defendant's reasons are noncredible and merely a pretext for discrimination. A plaintiff can show pretext in two ways, either (1) directly by persuading the court that a discriminatory reason more likely motivated the employer or (2) indirectly by showing the employer's proffered explanation is unworthy of credence. *Cotton v. City of Alameda,* 812 F.2d 1245, 1248 (9th Cir.1987).

Plaintiff contends that she was singled out for termination as part of the overall staff reduction because of her seniority and accompanying high salary. Plaintiff alleges that after her termination, the number of teller positions were not reduced and younger less experienced employees subsequently took over those positions. Plaintiff claims that defendant's proffered explanation concerning plaintiff's alleged job performance deficiency is a pretext for age discrimination.

■ As set forth previously, a party opposing a summary judgment motion must produce specific facts showing that there remain genuine factual issues for trial and evidence significantly probative as to any material fact claimed to be disputed. *Anderson v. Liberty Lobby, supra*, 106 S.Ct. at 2511. Mere assertions of discriminatory motive and intent, without substantial factual evidence, are inadequate to raise an issue precluding summary judgment. *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983).

■ In this instance, plaintiff fails to refute defendant's contention and supporting evidence that plaintiff was terminated as part of an overall staff reduction because of her probationary status. Defendant presents evidence which indicates that as the result of various profitability studies of defendant's branch bank operations in western Arizona including Kingman, it was determined in April of 1987 that staff reductions in the Kingman area were required in order to meet profit goals for 1987. Consequently, it was decided that four positions, or approximately 10% of the 41 persons employed by defendant in the Kingman area, would be eliminated. Significantly, all four individuals selected for layoff in June, 1987 were, like plaintiff, on some form of disciplinary warning or had poor performance evaluations. Even more significant, is the fact that the other three individuals were at the time 45, 32 and 25 years of age. The evidence presented by defendant suggests that these individuals were neither the oldest nor the most senior in terms of service of the employees in their particular job classification. At the time of plaintiff's layoff, there were 46 individuals in defendant's Western Division in the same job classification, Teller 3, as plaintiff. Plaintiff was neither the oldest of these employees nor the highest paid. Seven of these employees were older than plaintiff and plaintiff's salary level was the eighth highest. In addition there was at least one other employee in this classification who was both older and had more seniority than plaintiff but who was not laid off. As a result, it would appear that defendant was not arbitrarily seeking to terminate the oldest employees or those employees with the highest salary. That the four employees let go had all experienced some sort of job deficiency or disciplinary action is evidence of a legitimate nondiscriminatory reason for plaintiff's termination.

Plaintiff's allegation contained in her affidavit that the number of teller positions were not reduced after her termination and that younger, less experienced employees took over those positions is completely unsupported by factual evidence. In fact in her deposition, plaintiff testified that the individual who replaced her on a part-time basis was actually a little bit older than she was. "When there is a corporate reorganization or reduction in forces, a prima facie case is not established when plaintiff does not show that he was replaced by a younger person." *LaGrant, supra*, 748 F.2d at 1090.

■ Plaintiff filed a supplemental response to defendant's motion for summary judgment just prior to this Court's hearing on the matter. The supplemental response incorporates plaintiff's summarization of excerpts from the purported deposition testimony of Robert Walker, former branch manager for Valley National Bank ("VNB") in Kingman, Patricia Friend, customer relations manager for VNB and Paulette Hinds, personnel manager for VNB. This supplemental response, however, contains evidence which is not particularly helpful or useful to the Court or to plaintiff's position. In fact, the evidence contained in plaintiff's supplemental response is not even in a form which can be con-

280

sidered by the Court. Although a party opposing a summary judgment motion may serve opposing affidavits prior to the date of hearing, under Fed.R.Civ.P. 56(e), those affidavits may only be supplemented by depositions, answers to interrogatories or further affidavits. Plaintiff's supplemental response is neither a copy of deposition transcripts, answers to interrogatories nor a further affidavit. It is merely a memorandum of points and authorities in which plaintiff attempts to characterize deposition testimony. Plaintiff makes no attempt to attach as an exhibit to her supplemental response, transcripts of the relevant portions of the deposition testimony she seeks to rely upon. Consequently, the Court has no method of determining or verifying the accuracy or authenticity of plaintiff's characterization of the deposition testimony evidence.

Disregarding for a moment the procedural reason why the evidence set forth in plaintiff's supplemental response is inadequate, this Court finds that on a substantive basis, plaintiff's supplemental response fails to set forth any evidence raising material issues of fact. The only information contained in the supplemental response which is in any way relevant to plaintiff's age discrimination claim is Paulette Hinds purported testimony that one of the factors associated with plaintiff's termination was the length of time she had been with the bank. The actual deposition transcript of this testimony is not presented, only a characterization of the testimony and a reference to the page and line where it could be found in the transcript. This particular testimony, however, as set forth in plaintiff's supplemental response is not useful to the Court. As presented, it could be as consistent with positive evidence in support of defendant's position (i.e., that one of the factors in defendant's decision making process mitigating against plaintiff's termination was her length of service with the bank) as it is consistent with the negative inference that length of service was a factor contributing to her termination.

■ Finally, plaintiff argues that this case involves the intention or motives of defendant in terminating plaintiff. Plaintiff contends that since determination of one's state of mind usually entails the drawing of factual inferences as to which reasonable men might differ—a function traditionally left to the jury—summary judgment is inappropriate. While such is generally true, in this case, plaintiff has presented no indications of motive and intent supportive of her position which would show a pretext for discrimination and thus tender an issue for trial. As a result, summary judgment is appropriate. *See e.g., Steckl, supra,* 703 F.2d at 393–94.

IT IS ORDERED granting defendant's motion for summary judgment on Counts One, Four and Five of plaintiff's complaint.

IT IS FURTHER ORDERED dismissing plaintiff's complaint and action.