ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **ELIGIO BATISTA SANTIAGO; MELVIN CORTÉS GONZÁLEZ; JOSÉ MANUEL CHACÓN; MARÍA MERCADO; WANDA SANTIAGO RODRÍGUEZ**<br><br>Apelado<br><br>v.<br><br>**YANG ENTERPRISES, INC.**<br><br>Apelante | KLAN202500519<br><br><br><br>Consolidado con | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Arecibo**<br><br>Civil Núm.: **AR2019CV02424**<br><br>Sobre: Derecho Laboral |
| **ELIGIO BATISTA SANTIAGO; MELVIN CORTÉS GONZÁLEZ; JOSÉ MANUEL CHACÓN; MARÍA MERCADO; WANDA SANTIAGO RODRÍGUEZ**<br><br>Apelante<br><br>v.<br><br>**YANG ENTERPRISES, INC.**<br><br>Apelado | KLAN202500520 | |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Grana Martínez.[1]

Cintrón Cintrón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de febrero de 2026.

Comparece Yang Enterprises, Inc. (Yang Enterprises o Yang) mediante un recurso de *Apelación* en el caso ***KLAN202500519*** y nos solicita que revisemos la *Sentencia* emitida el 6 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Arecibo

---

[1] En virtud de la *Orden Administrativa OATA-2025-0109* de 10 de junio de 2025, la Jueza Grana Martínez sustituyó a la Jueza Rivera Pérez quien cesó de ejercer funciones como Jueza del Tribunal de Apelaciones.

(TPI, foro primario o foro apelado).[2] Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la demanda sobre discrimen por razón de edad presentada por el señor Batista, el señor Chacón y la señora Santiago, pero determinó que era improcedente en cuanto al señor Cortés y la señora Mercado.

A su vez, comparecen el señor Eligio Batista Santiago (señor Batista), el señor Melvin Cortés González (señor Cortés), el señor José Manuel Chacón (señor Chacón), la señora María Mercado (señora Mercado) y la señora Wanda Santiago Rodríguez (señora Santiago) (en conjunto, demandantes o reclamantes) en el caso **KLAN202500520** y nos solicitan también que revisemos la *Sentencia* antes mencionada.

Por los fundamentos que expresaremos a continuación, se revoca la *Sentencia* apelada.

**I.**

El caso de autos se originó el 20 de diciembre de 2019, cuando el señor Batista, el señor Cortés, el señor Chacón, la señora Mercado y la señora Santiago incoaron una *Demanda* sobre despido injustificado fundado en discrimen por razón de edad y daños y perjuicios contra Yang Enterprises, entre otros.

En esta, en apretada síntesis, adujeron que, el 1 de marzo de 2018, el Sistema Universitario Ana G. Méndez (SUAGM), entidad que para esa fecha operaba el Observatorio de Arecibo (Observatorio), informó a los demandantes a través de una comunicación escrita que los acuerdos contractuales que le habían permitido participar en la propuesta del Observatorio habían expirado. Asimismo, les indicó que su relación laboral con SUAGM finalizaría el 31 de marzo de 2018 y que el proyecto continuaría bajo una nueva administración. Los demandantes expusieron que, por tal razón,

---

[2] Notificada y archivada en autos el 7 de mayo de 2025.

procedieron a solicitar empleo con Yang Enterprises, entidad contratada para manejar la administración, la seguridad y el mantenimiento del Observatorio. Entonces, el 5 de marzo de 2018, Yang entrevistó a los solicitantes y les avisó que recibirían respuesta dentro de dos (2) semanas. Manifestaron que, el 31 de marzo de 2018, la nueva administración publicó los candidatos seleccionados para ocupar sus vacantes, pero se percataron de que ninguno figuraba en la lista y de que sus antiguas plazas habían sido ocupadas por empleados más jóvenes y con menos experiencia que ellos. Por ello, alegaron que se les discriminó por su edad.

El 7 de abril de 2020, Yang presentó su *Contestación a Demanda*. En esencia, expuso que ninguno de los demandantes fue despedido ni discriminado por su edad o por cualquier otra clasificación protegida por la ley. Además, alegó que no incurrió en culpa u omisión que conllevara responsabilidad hacia ellos.

Más adelante, el 30 de diciembre de 2022, Yang presentó una *Moción in Limine sobre Presunción de Discrimen y el Peso de la Prueba* para que se estableciera que los demandantes debían probar que la edad fue el factor determinante para no ser contratados. Fundamentó su petitorio en que la Ley Núm. 4-2017, conocida como *"Ley de Transformación y Flexibilidad Laboral"*, eliminó la presunción de discrimen que establecía la primera oración del Artículo 3 de la Ley Núm. 100 de 30 de junio de 1959, *supra*, a favor del empleado. Así, argumentó que, al eliminarse esta presunción, les correspondía a los demandantes establecer un caso *prima facie* de discrimen en reclamaciones laborales.

De otra parte, Yang alegó que la *Age Discrimination in Employment Act of 1967* (ADEA), según enmendada, 29 USCS sec. 621 *et seq.*, es la contraparte federal de la Ley Núm. 100 de 30 de junio de 1959, *supra*, y que, como corolario, lo resuelto en *Gross v. FBL Financial Services, Inc.*, 557 US 167 (2009), bajo la ADEA era

aplicable también a las controversias bajo la Ley Núm. 100 de 30 de junio de 1959, *supra*. Según explicó, en dicho caso se le impuso al empleado un *quantum* de prueba más riguroso que en el de *McDonnell Douglas Corp. v. Green*, 411 US 792 (1973), para establecer un caso *prima facie* de discrimen por razón de edad debiendo probar que la edad fue el factor determinante para no ser contratados. Es decir, que, a no ser por la edad de los demandantes, no se hubiese tomado una acción adversa en sus contras.

Por su parte, el 30 de enero de 2023, los demandantes instaron su *Oposición a Moción In Limine [...].* Arguyeron que, no le aplicaba la doctrina federal de *Gross v. FBL Financial Services, Inc.*, supra, sino la norma de *McDonell Douglas Corp. v. Green, supra*, la cual establecía que los demandantes no tenían que probar que la edad fue el factor determinante, solo que la edad fue uno de los factores determinantes de la acción laboral adversa.

Evaluadas las posturas de las partes, el TPI dictaminó una *Resolución* el 7 de febrero de 2023 a través de la cual declaró *ha lugar* a la moción *in limine* presentada por Yang Enterprises. Esta determinación fue revisada mediante un recurso de *certiorari* y esta Curia confirmó el pronunciamiento del foro primario el 31 de mayo de 2023.[3]

Luego de varios trámites procesales que resultan innecesarios pormenorizar, se llevó a cabo el juicio en su fondo los días 7 al 10 y 15 al 18 de octubre de 2024. Durante el juicio, ambas partes vertieron prueba testifical, a través del testimonio de catorce (14) testigos, y diversa prueba documental.

Examinada la prueba desfilada ante sí, el 6 de mayo de 2025, el foro primario pronunció la *Sentencia* que hoy revisamos. Mediante su dictamen, el TPI razonó que procedía el reclamo por discrimen

---

[3] Véase, KLCE202300229.

por razón de edad del señor Batista, el señor Chacón y la señora Santiago, pero que los del señor Cortés y la señora Mercado eran improcedentes. Especificó que, en el caso del señor Cortés y la señora Mercado, quedó evidenciado el hecho de que la razón principal por la cual no fueron contratados fue por no cumplir con los requisitos educativos necesarios para las plazas solicitadas: supervisor de mantenimiento (*telescope maintenance technician*) y agente de compras (*purchasing agent*), respectivamente.

En desacuerdo con la determinación del foro primario, Yang Enterprises acudió ante este foro revisor mediante recurso de *Apelación* (*KLAN202500519*) señalando los siguientes errores:

> Erró el TPI al no aplicar el estándar de prueba establecido en el caso de Gross v. FBL Financial Services, Inc., 55 US 167 (2009) en contravención de la ley del caso y la Sentencia de este Honorable Tribunal del 31 de mayo de 2023 en el caso KLCE202300229[.]

> Erró el TPI al concluir que la edad de los apelados fue **la** razón por no haber sido contratados, toda vez que la prueba y las propias determinaciones de hechos no lo sustentan al no haber causalidad entre ambos[.]

> Erró el TPI al excluir evidencia cobijada por la excepción de r[é]cord de negocios a la prueba de referencia[.]

> Erró el TPI, como argumento en la alternativa, en el cálculo de los daños de los apelantes por concepto de salarios dejados de percibir ya que, según sus propias admisiones, estos no mitigaron adecuadamente[.]

Asimismo, también inconformes con el pronunciamiento del foro *a quo*, los demandantes comparecieron ante esta Curia mediante recurso de Apelación (*KLAN202500520*) apuntalando que el foro apelado incidió en lo siguiente:

> Erró el TPI al concluir que los demandantes Mercado y Cortés no fueron objeto de discrimen por razón de edad, toda vez que la parte demandada no cumplió con su carga de presentar evidencia que sustentara sus alegaciones.

> Erró el TPI al deducir de los salarios debidos a los demandantes Batista, Chacón y Santiago los beneficios recibidos del seguro social federal, sin considerar que provenían de una fuente colateral que no permite su deducción.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**A.**

La Ley Núm. 100, 29 LPRA sec. 146, también conocida como la *Ley Antidiscrimen de Puerto Rico*, prohíbe a un patrono despedir, limitar o discriminar a un empleado suyo por razón de edad, raza, color, sexo, entre otras. *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022). A esos efectos, la Ley Núm. 100, *supra*, establece una causa de acción civil por daños a favor de aquella persona que fue despedida o se vio afectada en su empleo por razón de su edad, raza, color, religión, origen o condición social. *Íd.*

Para activar la presunción de discrimen (caso *prima facie*), el empleado demandante debe probar tres elementos: (1) que hubo un despido o acción perjudicial; (2) que este se realizó sin justa causa, y (3) presentar evidencia indicativa de la modalidad de discrimen vinculada al despido. Es en ese momento, se activa la presunción. Ciertamente, estas circunstancias o hechos básicos varían dependiendo del contexto en que se dé la decisión de empleo y a base del tipo o modalidad de discrimen que se esté alegando. Con la presentación de prueba a tales efectos, se establecen los hechos básicos que dan lugar a la presunción. Es menester advertir que el empleado no tiene que probar todos y cada uno de los elementos, ya que, de así requerírsele, se le estaría exigiendo que cumpla con una obligación procesal que no le corresponde llevar a cabo al instar su reclamación por discrimen. *Segarra Rivera v. Int'l Shipping et al.,* supra, págs. 987-989; *Díaz v. Wyndham Hotel Corp.*, 155 DPR 364, 384, 390 (2001), citando a *S.L.G. Hernández-Beltrán v. TOLIC*, 151 DPR 755 (2020). [Citas omitidas].

**B.**

La Age Discrimination in Employment Act of 1967 (ADEA), según emendada, 29 USCS sec. 621 *et seq.*, es la ley federal que prohíbe el discrimen en el empleo contra personas de 40 años o más. Esta Ley concede una causa de acción a personas de 40 años o más que hubieren sido despedidas o rechazadas de un empleo por razón de su edad.[4] En lo pertinente al presente caso, las controversias bajo la ADEA habían sido equiparadas con otras surgidas bajo el Title VII of the Civil Rights Act of 1964, *supra.* Como corolario, se había resuelto que los requisitos establecidos en *McDonnell Douglas Corp. v. Green*, supra, para establecer un caso *prima facie* de discrimen racial en reclamaciones laborales bajo el Title VII of the Civil Rights Act of 1964, supra, eran aplicables también a controversias bajo la ADEA.[5] *Loeb v. Textron, Inc.*, 600 F.2d 1003 (1st Cir. 1979); *Hedrick v. Hercules, Inc.*, 658 F.2d 1088 (5th Cir. 1981); *Douglas v. Anderson*, 656 F.2d 528 (9th Cir. 1981); *Schwager v. Sun Oil Company of Pennsylvania*, 591 F.2d 58 (10th Cir. 1979); *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958 (3rd Cir. 1978). Así, para establecer un caso *prima facie* de discrimen bajo la ADEA, el reclamante debía demostrar que la edad fue uno de los factores que motivó la decisión adversa del patrono.

Posteriormente, en *Gross v. FBL Financial Services, Inc.*, supra, el Tribunal Supremo de Estados Unidos tuvo la oportunidad

---

[4] La Sección 623 de la ADEA dispone, en lo pertinente, lo siguiente:

> "(a) Employer practices. It shall be unlawful for an employer—
> (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
> (2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
> (3) to reduce the wage rate of any employee in order to comply with this Act."

[5] A saber, demostrar: (1) que pertenecía al grupo protegido por el estatuto; (2) que fue despedido o fue víctima de una acción o decisión patronal; (3) que estaba calificado para ocupar su puesto; (4) que fue reemplazado por alguien más joven.

de aclarar que la doctrina de *McDonnell Douglas Corp. v. Green*, supra, no era aplicable a reclamaciones laborales bajo la ADEA. *Gross v. FBL Financial Services, Inc.*, supra. En ese sentido, dispuso lo siguiente:

> This Court has never held that this burden-shifting framework [la doctrina de *McDonnell Douglas Corp. v. Green*, supra] applies to ADEA claims. And, we decline to do so now. When conducting statutory interpretation, we "must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." Unlike Title VII, the ADEA's text does not provide that a plaintiff may establish discrimination by showing that age was simply a motivating factor. Moreover, Congress neglected to add such a provision to the ADEA when it amended Title VII to add §§ 2000e-2(m) and 2000e-5(g)(2)(B), even though it contemporaneously amended the ADEA in several ways, see Civil Rights Act of 1991, § 115, 105 Stat. 1079; *id.*, § 302, at 1088.

(citas omitidas) *Íd.*, pág. 174.

Además, en *Gross v. FBL Financial Services, Inc.*, supra, el Tribunal Supremo de Estados Unidos resolvió que para establecer un caso de discrimen bajo la ADEA el empleado demandante tiene que probar que la edad fue la causa "but-for" de la decisión adversa del patrono. En específico, sostuvo que:

> We hold that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA **must prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action**. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision.

*Íd.*, pág. 180. (Énfasis nuestro).

De esta forma, se le impuso al empleado demandante un estándar de prueba distinto al establecido en *McDonnell Douglas Corp. v. Green*, supra, para reclamaciones de discrimen bajo el Title VII of the Civil Rights Act of 1964, *supra*. La doctrina de *McDonnell Douglas Corp. v. Green*, supra, continúa aplicando a reclamaciones de otras modalidades de discrimen.

Finalmente, y en lo que atañe a la controversia ante nuestra

consideración, el Tribunal Supremo de Puerto Rico ha señalado que la ADEA es la contraparte federal de la Ley Núm. 100 de 30 de junio de 1959, *supra*. Véase, *Ibáñez v. Molinos de PR, Inc.*, supra, pág. 50; *Díaz v. Wyndham Hotel Corp.*, supra, pág. 383. Véase, además, *Álvarez-Fonseca v. Pepsi Cola of P.R. Bottling Co.*, 152 F.3d 17, 28 (1er Cir. 1998); *Velázquez v. NCE Foods, Inc.*, 476 F.3d 6, 11(1st Cir. 2007).

## C.

Es sabido que tanto las determinaciones de hechos, como la apreciación de la prueba, la adjudicación de credibilidad y el valor probatorio que le da el Tribunal de Primera Instancia a la evidencia presentada son merecedoras de gran deferencia. Su razón de ser estriba en que es el foro sentenciador el que ha tenido el beneficio de escuchar y observar el *demeanor* de los testigos. No obstante, dicho principio no es uno absoluto, toda vez que se ha establecido que cuando los foros apelativos percibimos la existencia de pasión, prejuicio, parcialidad o error manifiesto no estamos compelidos a guardar esta norma de abstención, por lo que bajo estas instancias poseemos autoridad para intervenir. *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 753 (2013); *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 793 (2020). En otras palabras, solo podremos inmiscuirnos en las determinaciones de hecho cuando la apreciación de la prueba no represente el balance racional, justiciero y jurídico de la totalidad de la prueba. *SLG Torres-Matundan v. Centro Patología*, 193 DPR 920, 933 (2015); *Dávila Nieves v. Meléndez Marín*, supra, pág. 770-771 (2013); *González Hernández v. González Hernández*, 181 DPR 746, 776-777 (2011); *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 986-987 (2010).

**III.**

**KLAN202500519:**

Por su estrecha relación, discutiremos de forma conjunta los primeros dos errores señalados por Yang Enterprises.

En su primer señalamiento de error, Yang sostiene que incidió el foro *a quo* al no aplicar el estándar de prueba establecido en el caso de *Gross v. FBL Financial Services, Inc.*, 55 US 167 (2009) en contravención de la ley del caso. Asimismo, mediante el segundo error, arguye que erró el foro primario al concluir que la edad de los reclamantes Santiago, Batista y Chacón fue **la** razón para no haber sido contratados pues sostiene que la prueba y las propias determinaciones de hechos no lo sustentan al no haber causalidad entre ambos.

En su recurso, Yang Enterprises afirma que las conclusiones de hechos efectuadas por el foro primario no sostienen que la edad fue el factor determinante para que los reclamantes no fueran contratados. Sobre este particular, puntualiza que gran parte de los hechos relacionados al proceso de selección de los empleados finalmente contratados surgió del testimonio vertido en la deposición de la Sra. Megan Sills (señora Sills), admitida por ser esta una testigo no disponible, quien reconoció que desconocía si los comentarios sobre la edad realizados alegadamente por el Sr. Felipe Soberal (señor Soberal) estaban dirigidos a los reclamantes. Consecuentemente, plantea que ante el foro primario solo se desfiló prueba sobre unos comentarios aislados hechos por una persona ajena a la decisión de contratación, los cuales, por sí solos, no constituían base suficiente para activar una presunción de discrimen.

De otra parte, en cuanto a la reclamación del señor Chacón, Yang Enterprises manifiesta que este no logró establecer un caso *prima facie* de discrimen por razón de edad, toda vez que entre las

personas contratadas para ocupar el puesto de Técnico de Mantenimiento de Telescopios había varios candidatos dentro de la edad protegida bajo ADEA, *supra*, lo cual derrotaba cualquier alegación de ánimo discriminatorio. Además, indica que la señora Santiago no fue seleccionada para el puesto administrativo por motivos de edad sino porque su expectativa salarial era elevada. Asimismo, sobre el señor Batista, Yang aduce que este no fue contratado para el puesto de Conserje porque este no poseía los conocimientos, habilidades y/o experiencia para cumplir con la expectativa del puesto y, aun de haber estado capacitado, no hubiera sido seleccionado debido a que su expectativa salarial era varios dólares más que el salario presupuestado para el puesto. Concluye que no existe alguna determinación de hechos del foro primario que establezca que los alegados comentarios hechos por el señor Soberal tuvieron un impacto en la no contratación de los reclamantes, por lo que los reclamantes no cumplieron con su carga probatoria.

Por su parte, los demandantes sostienen, en apretada síntesis, que la evidencia desfilada ante el foro primario demostró que la edad fue el factor determinante por el cual no fueron contratados. Sobre ello, alegan que los comentarios realizados por el señor Soberal fueron dirigidos hacia sus personas. Además, aducen que el señor Soberal tenía control sobre la priorización de los candidatos y la selección final de quienes serían contratados pues el propio Dr. Yang en su testimonio declaró que confiaba en el criterio de este sobre las cualificaciones de los solicitantes. Por ello, afirman que dichos comentarios no fueron unos aislados sino que surgieron como parte del proceso decisional, de forma que estaban intrínsecamente relacionados con la decisión adversa de Yang de no contratarlos por su edad.

En cuanto a la reclamación del señor Chacón, afirman que este demostró un caso prima facie de discrimen toda vez que logró establecer que: (1) estaba dentro de la edad protegida; (2) estaba cualificado para el puesto; (3) fue rechazado para el mismo; (4) después de rechazado, el puesto permaneció abierto mientras que el patrono continúo buscando candidatos con sus cualificaciones y; (5) luego, contrató dos personas más jóvenes. Sobre la señora Santiago, añaden que las alegaciones de Yang en cuanto a que esta tenía una expectativa salarial elevada eran un mero pretexto para no contratarla pues en el juicio quedó demostrado que este no fue un criterio determinante en la contratación. Asimismo, sobre el señor Batista, replicaron que Yang no presentó ningún tipo de evidencia que apoyara su alegación en cuanto a que, en lugar de contratar una persona que solo fuese conserje, seleccionó trabajadores experimentados en distintas áreas.

Según reseñamos anteriormente, los tribunales apelativos, como norma general, no intervendremos con las determinaciones de hechos, con la apreciación de la prueba, ni con la adjudicación de credibilidad efectuadas por el tribunal de instancia, salvo en situaciones en que éste haya incurrido en pasión, prejuicio, parcialidad o error manifiesto. *Dávila Nieves v. Meléndez Marín, supra,* pág. 753 (2013); *Gómez Márquez et al. v. El Oriental, supra,* pág. 793 (2020).

Luego de un análisis concienzudo de los hechos particulares del caso y de los argumentos presentados por las partes en sus respectivos escritos, a la luz del derecho aplicable y de la transcripción de la prueba oral, colegimos que se cometieron los errores señalados.

Conforme reseñado anteriormente, es doctrina establecida en la jurisprudencia federal —a través del caso *Gross v. FBL Financial Services, supra*— que, en los casos de discrimen por edad al amparo

de ADEA, *supra*, el empleado demandante debe probar que la edad fue el factor determinante ("but-for") de la decisión laboral adversa. De esta forma, el reclamante deberá demostrar que el patrono discriminó en su contra por razón de su edad y que la acción impugnada no hubiera ocurrido de no ser por dicho factor. Este estándar exige un grado de demostración más riguroso que el mero señalamiento de circunstancias sugestivas o la existencia de empleados más jóvenes ocupando posteriormente el puesto. Asimismo, debemos destacar que nuestro más Alto Foro ha reconocido que ADEA, *supra*, constituye la contraparte federal de la Ley Núm. 100, *supra*.

Ahora bien, nos corresponde examinar si, conforme al estándar probatorio aplicable a la situación de autos, la prueba presentada por los reclamantes sustenta sus alegaciones de discrimen por razón de edad. *Veamos*.

En primer lugar, estimamos que, si bien cada uno de los reclamantes testificó sobre las tareas que realizaban como empleados en el Observatorio, sus años de experiencia y su aparente buen desempeño previo a la culminación de sus contratos con SUAGM, así como el hecho de que en su lugar Yang contrató personas más jóvenes para dichas posiciones, tales declaraciones no constituyen base suficiente para concluir que proceden sus reclamos de discrimen por razón de edad.

En ese sentido, de la prueba oral desfilada ante el foro de instancia se desprende que los reclamantes fundamentaron, además, sus alegaciones en las declaraciones de la señora Sills, a través de su deposición, en torno al proceso de selección de los empleados.

Así las cosas, el foro primario concluyó que la señora Sills fue la líder del equipo de entrevistas para la contratación de empleados para el Observatorio. En cuanto a la médula del caso, el foro apelado

estimó probado que, luego de surgir varias desavenencias sobre el orden de prioridad para algunos solicitantes que serían contratados, el señor Soberal realizó comentarios relacionados con que había empleados "viejos" y que necesitaba reemplazarlos con "sangre joven". No obstante, una lectura detenida de la prueba desfilada a través del testimonio de la señora Sills no permite concluir que, en efecto, la edad de los reclamantes haya sido el factor determinante por el cual estos no fueron contratados. *Nos explicamos.*

En su testimonio, la señora Sills indicó que escuchó comentarios del señor Soberal relacionados a que este no quería contratar a algunos de los empleados mayores, que estaban a punto de retirarse o que no creía que pudieran realizar algunos de los trabajos, además de que necesitaba reemplazarlos con sangre joven.[6] Sin embargo, aceptó no conocer si dichos comentarios tuvieron algún impacto sobre las solicitudes de los reclamantes.[7] Asimismo, reconoció no saber cuántos y cuáles solicitantes habían sido alegadamente omitidos, así como admitió que tampoco tenía conocimiento personal de que el señor Soberal fuera el último en tomar la decisión.[8]

No obstante, pese a que esta mencionó comentarios atribuibles al señor Soberal sobre la necesidad de incorporar "sangre joven" al equipo, un examen detallado de sus declaraciones evidencia que tales comentarios fueron generales y no dirigidas específicamente a los reclamantes. Por lo tanto, no se puede inferir que la edad de los reclamantes haya sido la causa determinante de que no fueran contratados. Conforme a lo establecido en *Gross v. FBL Financial Services, Inc.*, *supra*, la existencia de comentarios aislados o expresiones generales sobre preferencia por empleados

---

[6] Transcripción de la Prueba Oral (TPO) del 7 de octubre de 2024, págs. 98, 146.
[7] Transcripción de la Prueba Oral (TPO) del 15 de octubre de 2024, págs. 58-59.
[8] TPO del 15 de octubre de 2024, págs. 62-63.

jóvenes no sustituye la carga de demostrar que la edad fue el factor decisivo en la decisión de contratación. En consecuencia, aunque el testimonio de la señora Sills aportó contexto sobre el proceso de selección, no constituye evidencia suficiente para satisfacer el estándar probatorio requerido para acreditar discrimen por razón de edad.

Asimismo, aun si se aceptara que los comentarios del señor Soberal reflejaban algún prejuicio hacia la edad, no existe evidencia de que él tuviera participación en el proceso de selección ni autoridad para tomar decisiones de contratación respecto a los reclamantes. Por lo tanto, sus declaraciones no pueden considerarse como un factor que afectara la decisión del patrono. Conforme a la jurisprudencia, la mera existencia de comentarios aislados de una persona ajena al proceso de selección de personal no basta para probar que la edad fue el factor determinante; es necesario demostrar que la decisión de contratación habría sido distinta únicamente si no se hubiera considerado la edad. Dado que la prueba desfilada ante el foro de instancia no aporta elementos que conecten la edad de los reclamantes con la decisión de la contratación, la reclamación de discrimen por razón de edad carece del estándar probatorio mínimo exigido.

Así pues, somos del criterio de que se cometieron los primeros dos errores señalados por Yang. Ello se debe a que, de la totalidad de la prueba desfilada ante el foro primario, se desprende que los reclamantes no demostraron, por preponderancia de la evidencia, que la edad fue el factor determinante por el cual no fueron contratados. En consecuencia, revocamos la *Sentencia* pronunciada el 6 de mayo de 2025 por el foro *a quo*.

Por motivo de que procede que se revoque la *Sentencia* apelada, se torna innecesaria la discusión del tercer y cuarto señalamiento de error.

**KLAN202500520:**

En su primer planteamiento de error, plantean los reclamantes que erró el TPI al concluir que la señora Mercado y el señor Cortés no fueron objeto de discrimen por razón de edad. Asimismo, señalan que incidió el foro primario al deducir de los salarios debidos a los señores Batista, Chacón y Santiago los beneficios del seguro social federal, esto sin considerar que provenían de una fuente colateral que no permite su deducción. Sin embargo, por haber dispuesto, mediante el recurso **KLAN202500519**, que procede que se revoque la *Sentencia* apelada, se torna innecesaria la discusión del recurso en cuestión.

**IV.**

Por los fundamentos antes esbozados, revocamos la *Sentencia* emitida el 6 de mayo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo. En consecuencia, se declaran *no ha lugar* las demandas presentadas.

Lo acordó el Tribunal y lo certifica la Secretaria. La Jueza Grana Martínez disiente sin opinión escrita. En su lugar, confirmaría la *Sentencia* en su totalidad.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones